**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRUCE RUSH, as a participant in and on behalf of the Segerdahl Corporation employee stock ownership plan, and on behalf of a class of all others who are similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GREATBANC TRUST COMPANY; MARY LEE SCHNEIDER; RICHARD JOUTRAS; RODNEY GOLDSTEIN; PETER MASON; ROBERT CRONIN; JOHN DOE DEFENDANTS 1-10; and SEGERDAHL CORP. (d/b/a SG360),<br><br>　　　　Defendants. | Case No.: 1:19-cv-00738<br><br>Judge Andrea R. Wood<br>Magistrate Judge Susan E. Cox |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS COUNTERCLAIM AND MOTION TO STRIKE AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Bruce Rush ("Plaintiff") respectfully moves this Court to dismiss the counterclaim asserted by Defendants GreatBanc Trust Company ("GreatBanc"), Mary Lee Schneider and Richard Joutras (the "Executive Officer Defendants"), Rodney Goldstein, Peter Mason, and Robert Cronin (the "Outside Director Defendants"), and the Segerdahl Corp. d/b/a SG 360 ("Segerdahl", together with GreatBanc, the Executive Officer Defendants, and the Outside Director Defendants, the "Defendants"). In addition, pursuant to Rule 12(f), Plaintiff Rush moves the Court to strike Defendants' Fifth, Sixth and Seventh affirmative defenses.

Defendants' counterclaim, which consists of just five (5) numbered paragraphs, asserts no plausible legal or factual basis for relief. Additionally, Defendants' Fifth, Sixth and Seventh affirmative defenses are entirely conclusory and legally deficient.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on February 5, 2019. (Docket No. 1). Plaintiff brought his claims on behalf of the Segerdahl Corporation Employee Stock Ownership Plan (the "ESOP") and sought relief for the ESOP under Sections 502(a)(2)-(3) and 409(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Plaintiff alleges that Defendants violated the fiduciary duties and prohibited transaction rules set out in ERISA §§ 404(a)(1), 405 and 406(b)(1) during, or in preparation for, the sale of the ESOP's 100% ownership interest in the Segerdahl Corporation on December 7, 2016 (the "ESOP Buyout").

Defendants filed their Answer on May 24, 2019. (Docket No. 23). Defendants assert twelve "additional and/or affirmative defenses." Answer at 64-67. Additionally, Defendants assert a "compulsory counterclaim" against Plaintiff. Answer at 67-68.

## LEGAL STANDARD

### A. The Applicable Pleading Standard for Counterclaims

"Counterclaims are treated the same as claims for purposes of Fed. R. Civ. P. 8 and 9." *Uncommon, LLC v. Spigen, Inc.*, No. 15 C 10897, 2016 WL 3997597, at *2 (N.D. Ill. July 26, 2016). Because a counterclaim is "a claim for relief asserted in [a] pleading," Fed. R. Civ. P. 12(b), "a plaintiff can move to dismiss it for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)." *Nucap Indus., Inc. v. Robert Bosch LLC*, 273 F. Supp. 3d 986, 1009 (N.D. Ill. 2017).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a counterclaim must "state a claim to relief that is plausible on its face." *Nucap Indus.*, 273 F. Supp. 3d at 1009 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In ruling on a 12(b)(6) motion to dismiss a counterclaim, while the court accepts well-pleaded facts as true, "conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth." *Id.* at 1010. A counterclaim will not survive a motion to dismiss unless its allegations "raise a right to relief above the speculative level" and "establish a nonnegligible probability that the claim is valid…." *Id.*

A counterclaim plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 1010. At a minimum, a counterclaim plaintiff is "obliged to set forth in their counterclaims factual allegations either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." *Metro. Prop. & Cas. Ins. Co. v. Bos. Reg'l Physical Therapy, Inc.*, 538 F. Supp. 2d 338, 341 (D. Mass. 2008) (quotations and editing marks omitted).

### B. The Applicable Pleading Standard for Affirmative Defenses

"The *Twombly* and *Iqbal* standards also apply to affirmative defenses." *Uncommon, LLC* 2016 WL 3997597, at *2. Thus "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice for the pleading standard of Rule 8." *Id.* (internal citations omitted). But even if the pre-*Twombly* standard applied to affirmative defenses, "'bare bones conclusory allegations,' bereft of factual context, are not sufficient to pass a motion to dismiss." *Id.* (quoting *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989)).

"[A]n affirmative defense must satisfy a three-part test to survive a motion to strike under Rule 12(f): '(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must

be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge.'" *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014) (quoting *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802–03 (N.D. Ill. 2000)).

## ARGUMENT

### A. Defendants' Counterclaim Fails to State a Plausible Claim for Relief

Plaintiff's claims are asserted on behalf of, and seek relief only for, the Segerdahl ESOP pursuant to ERISA §§ 502(a)(2) and 409. In enacting ERISA § 502(a)(2), Congress gave plan participants the same right to bring claims on behalf of their retirement plans as the Department of Labor and the plans' fiduciaries. "Congress [thereby] intended that private individuals would play an important role in enforcing ERISA's fiduciary duties—duties which have been described as 'the highest known to the law.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009). Defendants' counterclaim against Plaintiff Rush is nothing more than an ill-conceived attempt to intimidate a plan participant from playing that "important role."

Defendants' counterclaim here does not purport to recite any factual or legal basis to hold Plaintiff liable for anything. The counterclaim fails to identify any common law or statutory basis for liability, and fails to enumerate or otherwise set forth any cause of action. Moreover, Defendants' counterclaim does not even allege any facts suggesting that Plaintiff engaged in any illegal activity. Thus the counterclaim cannot be said to be "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Nor does the counterclaim "contain sufficient facts to state a claim that is 'plausible on its face.'" *Nucap Indus.*, 273 F. Supp. 3d at 1009.

Defendants' counterclaim alleges that Plaintiff was a "senior vice president of manufacturing" who received 200 shares of SARs in 2014. Next, Defendants' counterclaim alleges that those shares matured during the ESOP Buyout in 2017, and that "ICV Partners caused $1,809,142 out of the $265 million in sales proceeds to be paid to Plaintiff Rush for his SARs shares."

Even if true, none of those allegations support Defendants' conclusory statements that "Plaintiff Rush knowingly participated in and profited from [Defendants'] breach," and that Plaintiff "is liable to repay to the ESOP and the putative class he represents the $1,809,142 he received as part of this claimed illegal diversion, as well as interest, attorneys fees, and any other relief the Court deems equitable." Counterclaim ¶ 5. To survive a motion to dismiss a counterclaim, the claimant "must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate." *Kranos IP Corp. v. Riddell, Inc.*, 334 F. Supp. 3d 907, 912 (N.D. Ill. 2018).

Defendants also do not allege any facts or law suggesting that Plaintiff was a fiduciary for the ESOP. Nor do Defendants allege that Plaintiff had any control or authority over the ESOP or its assets. Defendants do not (because they cannot) allege facts that would show Plaintiff somehow participated in the misconduct alleged in the Complaint. Defendants do not allege that Plaintiff participated in the negotiations that led up to the ESOP Buyout. Defendants do not allege that Plaintiff exercised any control, or even influence, over the ESOP Buyout. Defendants do not allege that Plaintiff's receipt of SARs rights was somehow illegal or improper. And Defendants' counterclaim contains no reason to think that Plaintiff's receipt of payment for those SARs according to their terms during the ESOP Buyout was somehow illegal or improper, especially in the absence of credible allegations that Plaintiff participated in Defendants' fiduciary breaches.

5

Defendants' counterclaim entirely fails to set forth a cognizable claim for relief under any pleading standard. It offers no factual allegations suggestive of illegal or inequitable conduct by the Plaintiff. The counterclaim does not even cite a legal basis for relief. That is insufficient under Rule 8. *Uncommon*, 2016 WL 3997597, at *3-5 (dismissing counterclaim where it was unclear which statutory basis for relief was being invoked in the absence of credible allegations supporting any type of relief); *Kranos IP*, 334 F. Supp. 3d at 915 (dismissing counterclaim for failing to "provide more than mere labels and conclusions"); *Nucap Indus.*, 273 F. Supp. 3d at 1009-12 (dismissing antitrust counterclaim for failing to identify plausible relevant market); *Intercon Sols.*, 969 F. Supp. 2d at 1067 (dismissing counterclaim "contain[ing] little more than a few conclusory allegations and fail[ing] to allege any facts that would enable the court to draw a reasonable inference that it is entitled to the [relief] it seeks").

Defendants, as the executives of Segerdahl and the fiduciaries of the ESOP, would have all of the facts and documents at their fingertips (if they existed) to make out such allegations. Accordingly, the Defendants' failure to include any material allegations suggestive of wrongdoing by the Plaintiff speaks volumes. Defendants' counterclaim is entirely unfounded and should be dismissed.

### B. Defendants' Fifth, Sixth and Seventh Affirmative Defenses are Entirely Conclusory

Defendants' Fifth, Sixth and Seventh affirmative defenses also lack merit. This Court has held that affirmative defenses must comply with Rule 8, and should otherwise be stricken pursuant to Rule 12(f) when doing so "removes unnecessary clutter from the case." *See Sarkis' Cafe*, 55 F. Supp. 3d at 1039. There are simply no facts alleged in Plaintiff's Complaint, or Defendants' Answer, that suggest Plaintiff's hands were "unclean" (Fifth Defense) or that Plaintiff caused the ESOP's losses in or prior to the ESOP Buyout (Seventh Defense). Nor do Defendants identify any

6

basis for obtaining a hypothetical offset of any liability based on the $1,809,142 Plaintiff received for his SARs (Sixth Defense).

Defendants do not allege that Plaintiff was an express fiduciary of the ESOP within the meaning of ERISA § 402, nor do Defendants allege that Plaintiff was a *de facto* fiduciary within the meaning of ERISA § 3(21). Defendants do not allege that Plaintiff was a member of Segerdahl's Board of Directors, a member of Segerdahl's ESOP Committee, nor do Defendants allege that Plaintiff was Segerdahl's CEO or President. Defendants do not allege that Plaintiff exercised any authority or control over the ESOP or its assets during the ESOP Buyout, or that Plaintiff played a role in negotiating the transaction or marketing Segerdahl for sale. Because Plaintiff was not a fiduciary of the ESOP, the requisite facts to support these defenses are impossible.

Defendants' Fifth, Sixth and Seventh affirmative defenses are, at best, no more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and thus "do not suffice for the pleading standard of Rule 8." *Uncommon*, 2016 WL 3997597, at *2. At best, absent any allegations that might support Defendants' Fifth, Sixth or Seventh Defenses, those defenses are mere clutter serving only delay and should be stricken. *Uncommon*, 2016 WL 3997597, at *6; *Sarkis' Cafe, Inc.*, 55 F. Supp. 3d at 1039. At worst, they are an unsupported and unsupportable attempt to intimidate and threaten plaintiff and dissuade him from seeking to protect the Segerdahl ESOP's interests in this action. For these reasons, the Court should strike Defendants' Fifth, Sixth, and Seventh affirmative defenses pursuant to Rule 12(f).

**CONCLUSION**

Accordingly, this Court should (1) dismiss Defendants' counterclaim pursuant to Rule 12(b)(6), and (2) strike Defendants' Fifth, Sixth and Seventh affirmative defenses pursuant to Rule 12(f).

Dated: June 14, 2019      Respectfully submitted:

By:    */s/ James A. Bloom*
Todd M. Schneider*
James A. Bloom*
Kyle G. Bates*
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
2000 Powell Street, Ste. 1400
Emeryville, California 94608
Telephone: (415) 421-7100
tschneider@schneiderwallace.com
jbloom@schneiderwallace.com
kbates@schneiderwallace.com

Michael M. Mulder
Elena N. Liveris
LAW OFFICES OF
MICHAEL M. MULDER
1603 Orrington Avenue, Suite 600
Evanston, Illinois 60201
Tel: 312-263-0272
Fax: 847-563-2301
mmmulder@mmulderlaw.com
eliveris@mmulderlaw.com

*Admitted Pro Hac Vice

*Attorneys for Plaintiff*

8

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5 and Northern District of Illinois Local Rule 5.5, the undersigned, an attorney of record in this case, hereby certifies that on June 14, 2019, a true and correct copy of the foregoing document was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

Dated: June 14, 2019            By:    */s/ James A. Bloom*
                                                                      James A. Bloom